# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SAMUEL DAVIS, #181659                            *
                Petitioner,

                                          *

     v.                                               CIVIL ACTION NO. PJM-06-628

                                          *

WILLIAM WILLIAMS
                Respondent.                   *
                                   ******

## MEMORANDUM OPINION

On Mach 8, 2006,  Petitioner Samuel Davis filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction first degree murder entered against him in 1986 by the Circuit Court for  Prince George's County, Maryland.[1]  Paper No. 1.   On May 1, 2006, Respondents filed an  Answer  to  Petitioner's  application  for  habeas  relief  solely  addressing  the  timeliness  of Petitioner's application. Paper No. 5.  Pursuant to this Court's Order of June 16, 2006, Petitioner was granted until July 16, 2006, to file a reply to the Answer stating that the Petition was filed within the proper time frame or explaining why the Petition should not be dismissed as untimely. Paper No. 6.  Petitioner has replied. Paper No. 7.

Petitioner's conviction was entered on February 19, 1986 pursuant to a guilty plea.  Paper No. 5, Ex. 1.  He was sentenced to life in prison with all but 45 years suspended on May 6, 1986. *Id*., Ex. 3. He did not seek leave to appeal.  *Id.*  On May 24, 1989, Petitioner submitted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md.

---

[1]Petitioner maintains that his Petition is for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Paper Nos. 1, 4 and 7.  Petitioner is incorrect. A § 2241 petition attacks the manner in which a sentence is executed.  *See* 28 U.S.C. §2241(a).  By contrast, a §2254 petition challenges the validity of a conviction or sentence itself, which is precisely what Petitioner is attempting to do in this case. Regardless of the label used by Petitioner, the subject  matter of the motion, and not its title, determines its status. *See e.g., Calderon v. Thompson*, 523 U.S. 538, 554 (1998).

Code Ann., Crim. Pro. § 7-102, et seq. As a result of that action, Petitioner was granted the right to file a belated motion for reconsideration but relief was denied in all other respects. *Id*., Ex. 3. Petitioner did not file an application for leave to appeal this decision. *Id*., Ex. 1.  On August 5, 1996, Petitioner filed a second collateral attack on his conviction under the Maryland Uniform Post-Conviction Procedure Act. *Id.*  That action was denied on June 13, 1997. *Id.*  Application for Leave to Appeal from the denial of post-conviction relief was denied in an unreported decision on September 25, 1997. *Id., * Ex. 2*.*   On August 12, 1999, Petitioner filed a third petition for post conviction relief, or, in the alternative, motion to reopen post-conviction proceedings. *Id*., Ex. 1. The action was dismissed on November 10, 1999. *Id.* No application for leave to appeal was filed by Petitioner. *Id.*   On November 20, 2000, Petitioner again moved to reopen post-conviction proceedings. The motion was denied on April 5, 2001. *Id*., Ex. 1.  Petitioner's application for leave to appeal this ruling was denied on October 18, 2002. *Id.*  On July 22, 2002, petitioner again moved to reopen post-conviction proceedings. The motion was denied on August 7, 2003. *Id.*

On September 9, 2003, the Circuit Court for Prince George's County, with consent of the State, granted Petitioner's motion to alter or amend its order denying his motion to reopen post-conviction proceedings and reduced the unsuspended portion of Petitioner's sentence from 45 years to 40 years. *Id*. and Paper No. 1.  Petitioner did not file an application for leave to appeal this ruling. Petitioner again moved to reopen post-conviction proceeding on September 2, 2004. The motion was denied on September 29, 2004. *Id*., Ex. 1.  Petitioner sought leave to appeal this ruling, which was denied on August 10, 2005.  *Id.*  Petitioner's motion for reconsideration of this decision remains pending in the Court of Special Appeals.

On April 24, 1996,  President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law.  Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases for persons convicted in a state court.  28 U.S.C. § 2244(d).[2]   Although the statute is silent as to how it should be applied to persons such as Petitioner whose convictions were finalized before April 24, 1996, it is now clearly established that such persons had one year from the effective date, i.e., until April 23, 1997, to file a petition for writ of habeas corpus in federal court.  *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998).  This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and

---

[2]This section provides:

> (1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)      the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
>>
>> (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)      the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

may otherwise be equitably tolled.  *See* 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's convictions entered by the Circuit Court for Prince George's County became final on June 5, 1986. *See* 28 U.S.C. § 2244(d)(1)(A); Md. Rule 8-204(b) (providing that application for leave to appeal be filed within 30 days after entry of judgment or order from which appeal is sought).  Between April 24, 1996  and August 6, 1996, (a period of over three months), September 25, 1997, and October 12, 1999 (a period of over twenty-four months), December 10, 1999 and November 20, 2000 (a period of over eleven months), October 18, 2002 and July 22, 2003 (a period of over seven months), and October 9, 2003, and September 2, 2004, (a period of over ten months), Petitioner had no post-conviction or other proceedings pending which would have served to toll the one-year limitation period.  *See* 28 U.S.C. § 2244(d)(2).  Thus, the instant Petition has been filed outside the applicable limitations periods, and Petitioner will be permitted to proceed only if he is entitled to invoke the doctrine of equitable tolling.

The doctrine of equitable tolling applies to excuse a petitioner's failure to comply with a statute of limitations, such as the one-year limitations period set out in AEDPA. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).  The question of whether equitable tolling applies hinges on the facts and circumstances of each  particular case. *Id.,* at 330 (quoting, *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)).   Generally, the doctrine of equitable tolling has been applied in two types of situations: either where the respondent's acts prevent the petitioner from asserting the claim, or  where extraordinary circumstances beyond the petitioner's control prevent him from filing a timely claim. *Id*., (quoting, *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).

Petitioner's alleged lack of knowledge of the law, is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of plaintiff's unfamiliarity with the legal process or his lack of legal representation).  Further, Petitioner's claim that his attorney failed to advise him of his right to seek relief in this court and failure to advise him of the time limitation for doing provides no basis for equitable tolling because attorney error does not amount to an "extraordinary circumstance".  *See Taliani v. Chrans*, 189 F. 3d 597, 598 (7th Cir. 1999)(lawyer's miscalculation of limitations period is not a basis for equitable tolling); *Sandvik v. United States*, 177 F. 3d 1269, 1272 (11th Cir. 1999) (lawyer's decision to mail petition by ordinary mail instead of expedited delivery not basis for equitable tolling).  "[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding."  *Harris*, 209 F. 3d at 331. Petitioner's arguments in favor of equitable tolling of the limitations period are unavailing.  Accordingly, a separate Order will be entered denying the Petition as time-barred under 28 U.S.C. § 2244(d).

_____

/s/

PETER J. MESSITTE

July 27, 2006                                     UNITED STATES DISTRICT JUDGE

5